Date signed December 20, 2007



**JAMES F. SCHNEIDER**
**U. S. BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| SKEEN, GOLDMAN LLP, | * | Case No. 07-10535-JS |
| F/K/A GOLDMAN & SKEEN, P.A., | | |
| F/K/A GOLDMAN, SKEEN & | * | |
| WADLER, PA, | | |
| | * | Chapter 11 |
| Debtor in Possession | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### *MEMORANDUM OPINION GRANTING MOTION TO DISMISS CASE*

This matter came before the Court upon the motion of Cooper & Tuerk, LLP and Levy, Phillips & Konigsberg, LLP to dismiss the instant Chapter 11case.  For the reasons stated, the motion will be granted.

### *FINDINGS OF FACT*

1.  On January 18, 2007, Skeen, Goldman LLP ("Skeen Goldman" or "the debtor") filed the instant Chapter 11 bankruptcy case.

2. The debtor is a two-partner law firm that specializes in representing victims of asbestosis.

3. During the 1980s, Skeen Goldman entered into certain fee-sharing agreements with the law firms of Cooper & Tuerk, LLP ("Cooper") and Levy, Philips, and Konigsberg, LLP ("Levy").

4. In 1995, a dispute arose as to whether Skeen Goldman was liable under the agreement for payments Cooper and Levy, whereupon Cooper and Levy sued Skeen Goldman in the Circuit Court for Baltimore City (Cooper, Beckman & Tuerk, LLP, et al. v. Goldman, Skeen & Wadler, P.A., Case No. 95-237040/CL201261).

5. After a two-week trial, a jury upheld the validity of the agreements but awarded Cooper and Levy damages of only $1. Subsequently, the trial judge increased the damages to approximately $5.7 million.

6. Skeen Goldman appealed and alleged that the trial judge had denied its constitutional right to a jury trial.

7. Because Skeen Goldman was unable to afford the cost of a supersedeas bond, it filed the first of two Chapter 11 bankruptcy cases in this Court (Case No. 97-57647-SD).

8. The Maryland Court of Special Appeals reinstated the judgment against Skeen Goldman in the original amount of $1, but upheld the validity of the fee-sharing agreements with Copper and levy.

9. Meanwhile, in the bankruptcy case, this Court (Derby, J.) entered an order that froze the debtor's funds in the approximate amount of $250,000 as cash collateral of Cooper and Levy.

10. Accordingly, on October 20, 2000, Skeen Goldman entered into a settlement agreement in the bankruptcy court with Cooper and Levy that provided as follows: (1) Cooper and Levy would be entitled to 8.5% of gross recoveries in existing asbestos-related cases until $800,000 had been paid to both Cooper and Levy; (2) Skeen Goldman agreed to give Cooper (but not Levy) a security interest in its accounts receivable; and (3) The parties agreed to the dismissal of the bankruptcy case.

11. On November 8, 2000, the parties filed a joint motion to dismiss the bankruptcy case (C & L exhibit no. 7). The motion was approved by order of this Court (Derby, J.) on February 12, 2001 (C & L exhibit no. 8).

12. After the bankruptcy case was dismissed, Skeen Goldman tendered payments under the settlement agreement until January 17, 2002, by which time it had paid approximately $150,000 to Cooper and Levy. When Skeen Goldman ceased

making payments under the settlement agreement, Cooper demanded payment in a letter it sent to Skeen Goldman in 2004, Skeen Goldman replied that neither Cooper nor Levy had worked on any of the cases for which it demanded payment and therefore, their claims for payment were invalid under Maryland state law.

13. Cooper and Levy then filed another suit against Skeen Goldman in the Circuit Court for Baltimore City (Cooper and Tuerk, LLP, et al. v. Goldman, Skeen & Wadler, P.A., et al., Case No. 24-C-05-007743).

14. On December 5, 2006, the Circuit Court awarded Cooper and Levy each a judgment in the amount of $647,811.42, plus prejudgment interest of $53,346.48.

15. Skeen Goldman appealed and argued that the $800,000 due under the settlement agreement approved by the bankruptcy court represented unenforceable liquidated damages, and that the settlement agreement violated rules of professional ethics. For the second time, unable to post a supersedeas bond, Skeen Goldman filed another Chapter 11 bankruptcy case, namely the instant case, which it filed in this Court on January 18, 2007.

16. The Chapter 11 schedules identified Cooper as the only secured creditor, and Levy as the largest unsecured creditor. The only other major unsecured non-insider creditors are Murphy and Shaffer, LLC, Skeen Goldman's attorneys in the

state court action, with an unsecured claim of approximately $130,000. Citicorp Vendor Finance was listed as holding an unsecured claim of approximately $12,000. Skeen Goldman also claims to owe over $100,000 to both Robert Skeen and Harry Goldman, Jr., the two partners of the law firm.

17. On October 11, 2007, Cooper and Levy filed the instant motion to dismiss. After a consent motion to continue, the matter was heard on December 7, 2007.

18. Cooper and Levy argued that this case must be dismissed because it was filed in bad faith and because there is substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.

*FINDINGS OF LAW*

1. Section 1112(b) of the U.S. Bankruptcy Code, which governs creditors' motions to dismiss Chapter 11 proceedings, provides as follows:

> (b)(1) Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.
>
> (2) The relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that–

(A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

(B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A)--

(I) for which there exists a reasonable justification for the act or omission; and

(ii) that will be cured within a reasonable period of time fixed by the court.

(3) The court shall commence the hearing on a motion under this subsection not later than 30 days after filing of the motion, and shall decide the motion not later than 15 days after commencement of such hearing, unless the movant expressly consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting the time limits established by this paragraph.

(4) For purposes of this subsection, the term 'cause' includes–

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

(B) gross mismanagement of the estate;

(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

(E) failure to comply with an order of the court;

  (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

  (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

  (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);

  (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

  (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;

  (K) failure to pay any fees or charges required under chapter 123 of title 28;

  (L) revocation of an order of confirmation under section 1144;

  (M) inability to effectuate substantial consummation of a confirmed plan;

  (N) material default by the debtor with respect to a confirmed plan;

  (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and

  (P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

11 U.S.C. § 1112 (b).

2. Thus, absent special circumstances, if a creditor establishes cause, it is mandatory that the Court dismiss the case, convert it to Chapter 7, or appoint a trustee or examiner. *In re 3RAM, Inc.*, 343 B.R. 113, 118 n.14 (Bankr. E.D. Pa. 2006); *See In re TCR of Denver, LLC,* 338 B.R. 494, 498 (Bankr. D. Colo. 2006); *In re Gateway Access Solutions, Inc.*, 374 B.R. 556, 560 (Bankr. M.D. Pa. Sep. 24, 2007); *In re Veltmann*, 2007 WL 4191736 (Bankr. D. N.M. Nov. 21, 2007).

3. As indicated, Section 1112(b)(4) provides a list of 16 examples of "cause." Because the list is not exclusive, a Chapter 11 case may also be dismissed for having been filed in bad faith. *In re Americert*, 360 B.R. 398, 401 (Bankr. D. N.H. Jan. 31, 2007).

4. This Court finds that the instant case was filed in bad faith.

5. In order to dismiss a Chapter 11 case on the basis of bad faith, a party in interest must show both subjective bad faith and objective futility. *See Carolin Corp. v. Miller*, 886 F.2d 693, 700-01 (4th Cir. 1989); *see also In re Premier Automotive Servs., Inc.*, 492 F.3d 274, 279-80 (4th Cir. June 15, 2007) (reaffirming the *Carolin* test). However, in the case of a serial filer, this Court has held that it may dismiss a Chapter 11 case solely on the basis of subjective bad faith. *See In Delray Assoc. Ltd. P'Ship*, 212 B.R. 511, 515 (Bankr. D. Md. 1997) (finding that objective futility is not necessary to dismiss serial filing for bad faith).

6. A repeat Chapter 11 filing is not *per se* in bad faith. *Delray*, 212 B.R. at 515. There may be legitimate purposes for which a second Chapter 11 case may be filed. *See In re Elmwood Dev. Co.*, 964 F.2d 508, 511-12 (5th Cir. 1992) (when post confirmation events could not be reasonably anticipated at the time of confirmation, a new Chapter 11 proceeding is not in bad faith); *In re Jartran*, 886 F.2d 859, 868-69 (an orderly liquidation of a debtor which failed to reorganize under a confirmed plan is a proper use of Chapter 11). Indeed, several courts have stated that there is good faith when a change in circumstances "justif[ies] the debtor's default under the first plan" while making "reorganization under a second plan likely." *See In re Roxy Real Estate Co.*, 170 B.R. 571, 576 (Bankr. E.D. Pa. 1993); *see also In re Northtown Realty Co.*, 215 B.R. 906 (Bankr. E.D. N.Y. 1998); *Lincoln Nat'l Life Ins. Co. v. Bouy, Hall & Howard & Assocs. (In re Bouy, Hall & Howard & Assocs.)*, 208 B.R. 737, 744 (Bankr. S.D. Ga. 1995).

7. However, when the purpose of a second Chapter 11 filing is to thwart the confirmed plan of the first Chapter 11 filing, it has been universally held that the second filing was in bad faith. *See, e.g., Delray*, 212 B.R. at 515-16; *see also In re Tillotson*, 266 B.R. 565, 569-70; *In re Savannah, Ltd.*, 162 B.R. 912 (Bankr. S.D. Ga. 1993).

8. It is acknowledged that the cited opinions concerned earlier Chapter 11 cases that ended in a confirmed plan, while this debtor's first Chapter 11 case was resolved by a settlement agreement that resulted in the case being dismissed. However, for purposes of the instant motion to dismiss, the difference is illusory. Here, both bankruptcy cases were essentially a two-party dispute. The settlement agreement in the first case, which this Court approved after notice and a hearing, provided for payments to these creditors over time and therefore possessed the characteristics of a confirmed plan of reorganization. It is without dispute that the purpose of the settlement agreement was meant to resolve the debtor's first Chapter 11 case and to permit the debtor to continue to operate.

9. In the seven years that have elapsed since the dismissal of the first case, Cooper and Levy have been unable to collect the full amount of the agreed payments this Court approved in the settlement agreement. It took Cooper and Levy four years to get a judgment on the breach of the settlement agreement. Cooper and Levy have been seeking to collect their debts from Skeen Goldman since at least 1995. The debtor has used the bankruptcy process in an effort to hinder and delay these creditors.

10. In the present proceeding, Skeen Goldman is not seeking to reorganize its affairs or to have an orderly liquidation. In addition, there are no significant changed circumstances that have occurred since the dismissal of the first Chapter 11. The only

change is that Skeen Goldman has come up with a new legal argument to renege on the court-approved settlement agreement. That argument is that the settlement agreement into which it freely entered in order to end its first Chapter 11 violates Maryland rules on ethics and liquidated damages. This represents a blatant attempt to thwart the agreed upon termination of the earlier Chapter 11 proceeding.

11. Furthermore, even if Cooper and Levy were required to prove the *Carolin Corp.* test of objective futility, the Court finds that that requirement has been met. *Carolin's* inquiry into objective futility "s designed to insure that there is embodied in the petition some relation to the statutory objective of resuscitating a financially troubled [debtor]." *Carolin Corp.*, 886 F.2d at 701-02. This case is essentially a two-party dispute with Cooper and Levy acting concertedly on one side and the debtor on the other. Additionally, the plan submitted by the debtor appears to be unconfirmable. In light of Cooper and Levy's pending objections to the debtor's disclosure statement, and the low probability of a confirmed plan, and it would be objectively futile to pursue this case. *See Wharton v. I.R.S.*, 213 B.R. 464, 467 (E.D. Va. 1997) (holding that there is objective futility when a bankruptcy case is based on a two-party dispute and the creditor would have legitimate objections to any filed plan); *see also In re William Steiner, Inc.*, 139 B.R. 356, 358 (Bankr. D. Md. 1992) (holding that the bankruptcy court is an improper forum for resolution of a two-party dispute). Because

this case was filed with subjective bad faith and it is objectively futile for the debtor to pursue reorganization under Chapter 11, this case will be dismissed.

      WHEREFORE, the motion of Cooper & Tuerk, LLP and Levy, Phillips & Konigsberg, LLP to dismiss the instant Chapter 11 case will be GRANTED.

      ORDER ACCORDINGLY.

cc:   Skeen Goldman LLP
      11 E. Lexington St.
      4th Floor
      Baltimore, Maryland  21202

      Josef E. Rosenblatt, Esquire
      Kenneth J. Breitbart, P.A.
      10 N Calvert Street
      Suite 100
      Baltimore, Maryland  21202

      Irving E. Walker, Esquire
      Gary Leibowitz, Esquire
      Saul Ewing LLP
      Lockwood Place
      500 East Pratt Street, 8th Floor
      Baltimore, Maryland  21202

      Office of the United States Trustee
      U.S. Courthouse, Suite 2625
      101 West Lombard Street
      Baltimore, Maryland  21201